[Cite as *State v. Engle*, 2012-Ohio-1430.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

STATE OF OHIO                              :
                                                        :         Appellate Case No. 24729
            Plaintiff-Appellee             :
                                                        :         Trial Court Case No. 10-CR-0611
v.                                                    :
                                                        :
TISHA N. ENGLE                          :         (Criminal Appeal from
                                                        :          Common Pleas Court)
            Defendant-Appellant       :
                                                        :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 30th day of March,   2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
            Attorney for Plaintiff-Appellee

CHERYL L. COLLINS, Atty. Reg. #0085671, Klein, Tomb & Collins, LLP, 124 West Main Street, Troy, Ohio 45373
            Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}      On April 7, 2010, Tisha Engle was indicted on nine counts of non-support of dependents. On May 10, 2010, she pled guilty to each count. By entry filed June 8, 2010, the

trial court sentenced Engle to community control sanctions (CCS) that, among other things, ordered her to make payments toward the outstanding $13,350.79 in court-ordered child support she owed, and to seek work.

{¶ 2} On May 27, 2011, a Notice of CCS Revocation Hearing and Order was filed, alleging that Engle did not find work and did not make regular payments toward her child-support arrearage, which was stated to have grown to $25,607.31. On June 23, 2011, Engle appeared in open court with counsel. At the outset of the hearing the court said, "I've advised counsel that the proposed employment is not acceptable." (T. 16). Apparently, defense counsel told the court that Engle found some sort of work. That discussion, though, is not in the record. Nonetheless, Engle admitted that she failed to find work and failed to pay child support as ordered. The trial court said, "It's my understanding you're going to admit what rule violation that you–let's see, that you have failed to obtain employment and failed to pay your child support as ordered; is that correct?" Engle replied "Yes." *Id*. The court sentenced Engle to serve twelve months in prison for each of the nine counts, all to be served concurrently.

{¶ 3} Engle's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issue for our review. Counsel also requested permission to withdraw. Engle was notified of the *Anders* brief and was given a specific opportunity from this Court to file her own brief. She did not do so.

{¶ 4} Although counsel ultimately concluded that they lack arguable merit, the *Anders* brief raises three potential issues for review: (1) whether Engle's CCS-violation admission was voluntary, (2) whether the trial court abused its discretion by sentencing Engle

to the maximum 12 months for each offense, and (3) whether Engle was denied effective assistance of counsel at the revocation hearing. Upon review, we agree with appellate counsel that the potential issues lack arguable merit.

{¶ 5}    With regard to the voluntariness issue, our review of the transcript reveals that there is simply no question that Engle's admission was voluntary. Despite being given the opportunity to do so at allocution, Engle declined to ask any questions or offer any explanation. The issue whether Engle's admission was voluntary is frivolous.

{¶ 6}    Engle's nine concurrent twelve month prison sentences do not raise a potentially meritorious issue for review. A sentence that is within the statutory range for an offense may be reversed only on a finding that the sentence constitutes an abuse of the trial court's discretion. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Engle's child-support arrearage almost doubled while she was under the CCS. It is apparent that she failed to support her three children for an extended period of time. There is nothing in the record suggesting that the trial court abused its discretion in sentencing. This issue lacks arguable merit.

{¶ 7}    The claim that Engle received ineffective assistance of counsel at the CCS revocation hearing is likewise frivolous. For this Court to find ineffective assistance, counsel's performance must not only fall below an objective standard of reasonable representation, but the defendant must demonstrate the she was prejudiced by counsel's performance. Prejudice requires a determination that there is a reasonable probability that but for counsel's

unprofessional errors, the result of defendant's proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 NE 2d 373 (1989). Engle contends that counsel did not assert her new "unacceptable" employment opportunity as a defense to revocation. But Engle did not obtain employment and did not provide support for a year while under the CCS. We fail to see how recently found prospective employment, acceptable or not, would have changed the result. Accordingly, there is no arguable merit to the ineffective assistance of counsel question.

{¶ 8}    Pursuant to our responsibilities under *Anders*, we have reviewed the record in this case independently. We agree with the assessment of appointed appellate counsel that there are no non-frivolous issues for our review.

{¶ 9}    Counsel's request to withdraw from further representation is granted, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Cheryl L. Collins
Tisha N. Engle
Hon. Mary L. Wiseman